```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ERCOLE A. MIRARCHI              :        CIVIL ACTION
                                :
          v.                    :
                                :
MARSHALL & SWIFT                :        NO. 23-588
```

MEMORANDUM

Bartle, J.                                          March 27, 2023

Plaintiff Ercole A. Mirarchi, proceeding pro se, alleges in this diversity action that defendant Marshall & Swift ("M&S") is liable for fraud. Mirarchi alleges that M&S, a company that creates computer-generated building appraisal reports, produced a fraudulent document in response to a third-party subpoena Mirarchi served when he was engaged in a prior lawsuit. Before the court is the motion of M&S to dismiss Mirarchi's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27

(3d Cir. 2010)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Fraud claims are subject to a heightened pleading standard under Rule 9(b) of the Federal Rule of Civil Procedure. Generally, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, when "alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b) (emphasis added).[1]

A fraud claim must be detailed enough "to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of Am., 361 F.3d 217, 223–24 (3d Cir. 2004)).  Thus, the plaintiff must "allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.  In other words, the complaint must provide the "who, what, when, where, and how: the first paragraph of a

---

1. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

newspaper story would satisfy the particularity requirements." Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 369 (E.D. Pa. 1996).

As Mirarchi is pro se, the court must "liberally construe" his pleadings. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, he "still must allege sufficient facts . . . to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

II

Sometime in 2022, Mirarchi was defending himself in a lawsuit brought by Discover Bank. On April 28, 2022, Mirarchi served a subpoena on M&S, which was not a party to that suit. The subpoena sought, among other things, copies of two reports that M&S had previously created which Mirarchi attached to the subpoena. The reports contained appraisals of a property Mirarchi had previously owned. They had been created in connection with a prior lawsuit in which Mirarchi was involved, Ercole Mirarchi v. Seneca Specialty Insurance Co., Civ. A. No. 10-3617 (E.D. Pa.). Specifically, Mirarchi requested that M&S "reproduce" two appraisal reports using "03-2007 material cost data."

M&S's production in response to Mirarchi's subpoena is the nub of this action. M&S produced a replica of one of the appraisal reports. Mirarchi is adamant that he was owed a

<u>recreation</u> of the report, that is, M&S was to run the numbers again and recalculate the values using that particular data set.

Mirarchi makes clear that he believed at all times that M&S's production in response to his subpoena was "untrue." On phone calls with counsel for M&S in May and June 2022, Mirarchi "strongly assert[ed]" that "the reports identified in the subpoena were untrue, [and] the report defendant replicated in their response was false." After M&S produced another report to Mirarchi, he relayed to M&S that the report contained "a format error, calculative sum discrepancy, and material discrepancies that exist, in one form or another, in all reports." Eventually, M&S informed Mirarchi that it "do[es] not have the capability" to produce the report as Mirarchi requested.

Mirarchi ultimately settled Discover Bank's lawsuit against him. He avers that "[h]ad the Defendants disclosed true information, and truthfully responded to the subpoena . . . , plaintiff would have acted differently as he would have had the evidence necessary to support, and prove, his defense." Thus, he claims he "would not have been forced into a settlement agreement he never wanted to make, nor would he have had to make." He also asserts that the response of M&S to his subpoena "prevented [him] from correcting the public record" and "denied

him the ability" to achieve favorable outcomes in two other lawsuits in which he was involved.

III

Mirarchi advances nine causes of action in his complaint, all of which allege M&S of committed fraud.[2]  A fraud claim under Pennsylvania common law comprises six elements:

> (1) (a) A misrepresentation . . .
>
> (2) Which is material to the transaction at hand;
>
> (3) (a) Made with knowledge of its falsity or recklessness as to whether it is true or false (for a misrepresentation), . . .
>
> (4) With the intent of misleading another into relying on it;
>
> (5) Justifiable reliance on the misrepresentation; and
>
> (6) A resulting injury proximately caused by such reliance.

SodexoMAGIC, LLC v. Drexel Univ., 24 F.4th 183, 205 (3d Cir. 2022) (citing Gibbs v. Ernst, 647 A.2d 882, 889 & n.12 (Pa. 1994)).

Mirarchi fails to allege facts that satisfy at least four of these elements.  First, he has not alleged the basis for

---

2.  Mirarchi alleges that M&S is liable under the following theories: (1) "Fraud Upon the Court"; (2) Aiding and Abetting Fraud Upon the Court"; (3) "Fraud—Perjury"; (4) "Fraud—Aiding and Abetting Perjury"; (5) "Fraud—Creation of an Untrue Record"; (6) "Fraud—Aiding and Abetting Creation, and the Cover Up, Of the Use of an Untrue Record"; (7) "Fraud—Intentional Misrepresentation"; (8) "Fraud—Concealment"; and (9) "Fraud—Aiding and Abetting the Cover Up of Accounting Fraud."

his belief that M&S made a false statement.  He reiterates throughout his complaint that the reports M&S produced were "false" and "untrue" but does not explain what aspect of the reports are not true.  He simply alleges that one report contained "a format error, a calculative sum discrepancy, and material discrepancies that exist, in one form or another."  These assertions are too vague to "provide notice of the precise misconduct with which [the] defendant[] is charged."  Rolo v. City Investing Co. Liquidating Tr., 155 F.3d 644, 658 (3d Cir. 1998) (internal quotations omitted), abrogation on other grounds recognized by Forbes v. Eagleson, 228 F.3d 471 (3d Cir. 2000).

Second, Mirarchi has not pleaded factual allegations that show M&S intended for Mirarchi to rely on any falsehoods in the reports it produced.  Rule 9(b) permits a plaintiff to allege a defendant's intent "generally."  Still, the plaintiff must advance plausible allegations that comport with the pleading standard under Rule 8.  See In re Processed Egg Prod. Antitrust Litig., 851 F. Supp. 2d 867, 881 (E.D. Pa. 2012).  Mirarchi has not alleged any facts from which the court could plausibly infer that M&S intended to defraud him in the prior lawsuit.  He simply does not allege that M&S had any motive to mislead.  He does not allege M&S had an adverse relationship to

-6-

him or any of the parties in his prior lawsuits.  M&S merely produced the reports in response to a third-party subpoena.

Third, Mirarchi fails to allege that he justifiably relied on any false statements of M&S.  "The recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him."  Sprinturf, Inc. v. Sw. Recreational Indus., Inc., 281 F. Supp. 2d 784, 785-86 (E.D. Pa. 2003) (quoting Restatement (Second) of Torts § 541 (1977)).  Mirarchi repeatedly alleges that he was aware that the reports were false at the time M&S produced them.  Not only do those allegations fail to support his fraud claims, they contradict them.

Fourth, Mirarchi has not alleged that he suffered any injury that was proximately caused by the production of the reports.  "There is a special kind of proximate cause requirement for fraud and misrepresentation . . . ."  Sun Co., 939 F. Supp. at 369 (quoting Hurt v. Phila. Hous. Auth., 806 F. Supp. 515, 530 n.25 (E.D. Pa. 1992).  A plaintiff "must demonstrate that a specific statement caused a specific harm."  Id.  The crux of the complaint is that if M&S had produced the reports to Mirarchi's liking, he "would have had the evidence necessary to support, and prove, his defense, and he would not have been forced into a settlement agreement he never wanted to make."  This will not suffice.  Mirarchi cannot "simply point to

-7-

a bad result and allege fraud." Id.  He has not advanced any factual allegations that if proven would establish that the outcome of Discover Bank's suit against him would have been different if M&S had produced a different report.

For these reasons, the court will grant the motion of M&S to dismiss Mirarchi's complaint.[3]

IV

When a pro se plaintiff's complaint is subject to dismissal under Rule 12(b)(6), the court must permit the plaintiff to file a curative amended complaint unless such an amendment would be futile. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).  Amendment is futile when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Carton v. ChoicePoint, Civ. A. No. 05-5489, 2007 WL 9782723, at *3 (D.N.J. Sept. 24, 2007) (quoting Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001)).  "A plaintiff cannot set

---

3.  Mirarchi relies on a theory of "fraud upon the court" in counts 1 and 2.  Fraud on the court is not an independent cause of action that permits recovery of money damages, which is what Mirarchi seeks here.  E.g., Hatchigian v. Sklar L., LLC, Civ. A. No. 22-2866, 2022 WL 16857006, at *5 (E.D. Pa. Nov. 10, 2022). Rather, it is "an equitable claim brought as a basis to vacate an order or judgment because a party has intentionally deceived the court." Id. (citing Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005).  The motion of M&S to dismiss Mirarchi's complaint will be granted to the extent he relies on this theory.

forth assertions in an amended complaint that contradict statements made in the plaintiff's original complaint." Fields v. Colgate Palmolive Co., Civ. A. No. 10-365, 2010 WL 5252537, at *5 (D.N.J. Dec. 15, 2010).

Here, it is apparent from the face of Mirarchi's complaint that any amendment would be futile. He has pleaded in clear terms that he believed the reports of M&S were false from the moment they were produced. As mentioned above, a plaintiff cannot maintain a claim of fraud over a misrepresentation if he or she knew it was false at the time it was made. Sprinturf, 281 F. Supp. 2d at 785-86. Any viable fraud claim that could be advanced in an amended complaint would wholly contradict Mirarchi's allegations in his present complaint. Accordingly, Mirarchi will not be given leave to amend his complaint.